## BURRELL MYERS v. JOHN L. DE LEE.

The charter of the Clinton and Port Hudson Rail Road Company empowers the
company, to transfer, for any legal purpose, notesbelonging to it.

APPEAL from the District Court of East Feliciana, *Johnson*, J.
*J. P. Bullard*, for the plaintiff.
*Lawson*, for the appellant.

GARLAND, J. This suit is brought on a promissory note for
$672, payable to Joseph Nichols, Cashier of the Clinton and Port
Hudson Rail Road Company, or order, and by him endorsed to the
plaintiff, under a resolution or order of the Board of Directors.

The answer alleges, that the corporation, under which the plain-
tiff claims, has no right or legal authority to transfer the note sued
on, either by their charter or by-laws, and that therefore the plain-
tiff has no right to it.

It is further averred, that the note was pledged to the state, by
virtue of an act of the legislature, passed in 1839, and a notarial
act made by the company in conformity thereto ; and that said note
is now the property of the state.

Myers *v.* De Lee.

The defendant further answers, that the debt is extinguished by compensation, the aforesaid Rail Road Company having been, at the time of the transfer, indebted to him in a larger amount.

And, finally, he says, that if the note is not discharged by compensation, he has a right to pay it in the notes of the said company.

On the trial, it was proved that the plaintiff took the note on the 1st of April, 1841, it having become due on the 27–30th of January, 1839, and that he gave a valuable consideration for it. Some time after the transfer, the note was presented to the defendant for payment, who said that he had notes of the Clinton and Port Hudson Rail Road Company at home, and that he would call and pay it. The plaintiff's attorney told him, that if he had the notes, he supposed he should be compelled to take them. A few days afterwards, the attorney again saw the defendant, who made the same statement, when the former told him, that he would not take the notes of the company. On neither occasion was any tender made of the notes; nor were any ever offered at the trial, or at any other time.

The note sued on, was transferred by authority of the Board, to pay debts which the corporation owed.

There was a judgment against the defendant, from which he has appealed.

In the year 1833, the legislature created a corporation for the purpose of constructing a rail road from Port Hudson to Clinton, in the parish of East Feliciana. By subsequent acts this charter was amended, and banking privileges were conferred ; and, finally, by an act passed in 1839, the state issued its bonds for $500,000, as a loan to the company. In order to secure the payment of said sum and interest, the corporation was bound to mortgage and pledge the rail road, the stock in the institution secured by mortgages on real estate, and all its other property, movable and immovable. Acts, 1839, p. 214, sec. 2.

In partial conformity with the last mentioned law, the corporation, by its authorized agent, passed a notarial act, by which it mortgaged, or pledged to the state, the rail road, all the stock secured by mortgages, and the real estate, but nothing was said about the notes, or a pledge of them.

Myers v. De Lee.

Under the powers granted by law to the Clinton and Port Hudson Rail Road Company, we think that the corporation has the power of transferring the notes due to it, for the purpose of paying its debts, or for any other legal purpose. The title of the note is, therefore, legally vested in the plaintiff.

There is no evidence that the note ever was pledged to the state, admitting such a pledge to have been necessary under the act of the legislature, passed in 1839. No mention of this note is made in the act of pledge or mortgage, nor was it ever delivered to the state, or to any of its officers; it is, therefore, no pledge of the note, according to law. Civ. Code, arts. 3119, 3120.

As to the defendant's claim to pay the note in the notes of the company, it is unnecessary to notice it, as he never tendered the notes, or made any legal effort to pay with them, or any thing else.

The defendant's plea of compensation, cannot avail him. The cashier of the bank says, that he had a deposite in the same, but that he understood it was there to pay another debt. The compensation, based on the account filed by the defendant, cannot be sustained. The demand was unsettled when the note was transferred, and there is no evidence that anything was owing from the bank or company to the defendant at the time; and it is shown that there are other debts due from defendant to the company, not included in the settlement.

*Judgment affirmed.*